CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 3 1 2008

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JAIME CALLEJAS-URIBE,<br>    Petitioner, | Civil Action No. 7:07cv00446 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>    Respondent. | By: Hon. Glen E. Conrad<br>United States District Judge |

Petitioner Jaime Callejas-Uribe, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Callejas-Uribe claims that counsel provided ineffective assistance in several instances, including failing to file an appeal after Callejas-Uribe requested that he file an appeal. Respondent filed a motion to dismiss to which Callejas-Uribe filed a timely response, making the matter ripe for disposition. On the existing record, the court is unable to resolve Callejas-Uribe's claim that counsel was ineffective in failing to file an appeal upon request and, therefore, orders an evidentiary hearing on the issue.

I.

On December 21, 2005, a federal grand jury returned a One-Count Indictment against Callejas-Uribe and three other defendants charging them with conspiring to knowingly and intentionally distribute, and possess with the intent to distribute, 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). A Superseding Indictment, adding charges against Callejas-Uribe's co-defendants, was returned on January 25, 2006. Callejas-Uribe appeared before the Honorable B. Waugh Crigler, United States Magistrate Judge for the Western District of Virginia, on June 6, 2006. On that same date, by oral plea agreement, Callejas-Uribe pleaded guilty to Count One of the

indictment. Judge Crigler recommended that the court accept the plea and no objections were filed. Thus, the court accepted Callejas-Uribe's plea on July 5, 2006. On September 18, 2006, the court sentenced Callejas-Uribe to ninety-six months imprisonment, followed by a five year term of supervised release.

## II.

One of Callejas-Uribe's claims of ineffective assistance is that counsel failed to file an appeal upon Callejas-Uribe's request.[1] An attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests. United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. June 28, 2007); see also United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)) (finding that an "attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective"). The inmate need not show a reasonable probability of success on appeal. See Peguero v. United States, 526 U.S. 23, 28 (1999); Witherspoon, 231 F.3d at 926. Thus, if Callejas-Uribe's allegation that he instructed his attorney to file an appeal is accurate, then he has stated a claim for relief under § 2255. On the record as it currently exists, the court is unable to evaluate the merits of Callejas-Uribe's allegation. Accordingly, the court orders an evidentiary hearing as to whether Callejas-Uribe unequivocally instructed his attorney to file a notice of appeal.[2]

---

[1] It does not appear from the record that Callejas-Uribe entered a waiver during his plea agreement hearing. Regardless, Callejas-Uribe's claim falls outside the scope of a waiver, requiring the court to assess its merits. See United States v. Poindexter, 492 F.3d 263, 272 (4th Cir. 2007) (concluding that claim that an attorney disregarded clear instructions to file an appeal is not barred by a collateral attack waiver).

[2] If his attorney was so instructed, Callejas-Uribe is to be allowed a direct appeal. Poindexter, 492 F.3d at 273. If his attorney was not so instructed, the court will have to determine if Callejas-Uribe met his burden of showing that: (1) his attorney had a duty to consult under Flores-Ortega; (2) his attorney failed to fulfill his consultation obligations;

-2-

## III.

With regard to Callejas-Uribe's other claims of ineffective assistance of counsel, prosecutorial misconduct, and unspecified judicial violations, the United States Court of Appeals for the Fourth Circuit, in <u>United States v. Killian</u>, 22 F App'x. 300 (4th Cir. 2001), instructed that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal despite petitioner's request, the court may not consider the merits of any of the remaining claims in the § 2255 motion, but must instead dismiss those claims without prejudice. Since the outcome of the evidentiary hearing may affect the issues raised in Callejas-Uribe's other claim, the court will not address respondent's argument in its motion to dismiss regarding Callejas-Uribe's other claims at this time.

## IV.

For the reasons stated herein, the court orders an evidentiary hearing on the issue of whether Callejas-Uribe requested his attorney to file an appeal.

ENTER: This 28th day of March, 2008.

*/s/ Glen Conrad*
United States District Judge

---

and (3) he was prejudiced by his attorney's failure to fulfill these obligations. <u>Id.</u>