CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 2 2008

BY: JOHN F. CORCORAN, CLERK
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAIME CALLEJAS-URIBE, | ) | Civil Action No. 7:07-cv-00446 |
| Petitioner, | ) | (Criminal Case No. 5:05-cr-00061-3) |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Petitioner Jaime Callejas-Uribe, Federal Register Number 11770-084, filed this action under 28 U.S.C. § 2255, alleging prosecutorial misconduct, trial court error, and several claims of ineffective assistance of counsel, including a claim that counsel failed to file an appeal on his behalf. By memorandum opinion and order entered March 31, 2008, the court found that, upon consideration of the then-existing record, it was unable to resolve the issue of whether trial counsel was ineffective in failing to file an appeal and, therefore, referred the matter, pursuant to 28 U.S.C. § 636(b)(1)(B), to United States Magistrate Judge Michael F. Urbanski to conduct an evidentiary hearing and submit proposed findings of fact and a recommended disposition.[1]

The magistrate judge conducted an evidentiary hearing on June 6, 2008, and issued his report and recommendation on June 24, 2008. The magistrate judge concluded that petitioner had met his burden of proving that counsel was ineffective for failing to consult with him following sentencing regarding the filing of a notice of appeal. Upon determining that counsel had a duty to consult with petitioner, that a rational defendant in petitioner's position would want to appeal,[2] and that no

---

[1] Because the remaining claims in a § 2255 petition should be dismissed without prejudice if a district court grants a petitioner's motion due to counsel's failure to file a direct appeal, the court did not, and will not, address the merits of petitioner's other stated grounds for relief. See United States v. Killian, 22 F. App'x 300 (4th Cir. 2001).

[2] The magistrate judge concluded, and the court agrees, that the record reflects that counsel provided constitutionally deficient assistance in failing to consult with petitioner about an appeal after sentencing. After
(continued...)

consultation had taken place, the magistrate judge recommended that the government's motion to dismiss be denied, and that petitioner's motion be granted to the extent that he be permitted to file a direct appeal in Criminal Case No. 5:05-cr-00061-3. The parties were given ten days to file specific objections to the magistrate judge's findings and conclusions, pursuant to 28 U.S.C. § 636(b)(1)(C). The ten-day period has elapsed, and no objections have been filed.

There being no objections, and upon review of the report and the facts and conclusions of law rendered therein, the court is of the opinion that the magistrate judge's report and recommendation be accepted. For the reasons detailed in the report and recommendation, respondent's motion to dismiss will be denied, and petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, will be granted to the extent that the court will re-enter judgment in Criminal Case No. 5:05-cr-00061-3 and petitioner will have a renewed opportunity to file a direct appeal. See Fed. R. App. P. 4(b). Appropriate orders will be entered in the instant case and in Criminal Case No. 5:05-cr-00061-3.

The Clerk of the Court is hereby directed to send copies of this memorandum opinion and the accompanying order to petitioner and counsel of record.

**ENTER:** This _22d_ day of July, 2008.

_[signature]_

United States District Judge

---

[2](...continued)

sentencing, counsel did not consult with petitioner, even though there were potential non-frivolous grounds for an appeal and a rational defendant would want to appeal in such a situation. The following facts are significant: petitioner did not enter into a plea agreement limiting his right to appeal, which would have been jeopardized had he appealed, and counsel specifically testified that the plea agreement was not accepted, in part, to preserve the right to appeal; and the upward variance petitioner received – 9 months above the high end of the applicable guideline range – constitutes a potential non-frivolous ground for an appeal.